IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-65,784-02






EX PARTE JOHN ALLEN RUBIO









ON MOTION FOR EXTENSION OF TIME TO FILE APPLICATION

FOR WRIT OF HABEAS CORPUS IN CAUSE NO. 03-CR-457-B

IN THE 138TH JUDICIAL DISTRICT COURT

CAMERON COUNTY






 Per Curiam. 



O R D E R



 This case is before us because no application for writ of habeas corpus was timely
filed pursuant to the provisions of Texas Code of Criminal Procedure Article 11.071, and
applicant has requested more time under Article 11.071, § 4A. (1)

 In August 2010, the trial court appointed David A. Schulman to represent applicant
in a post-conviction writ of habeas corpus under Article 11.071. Pursuant to Article 11.071,
§ 4(a), applicant's application for writ of habeas corpus was originally due in the convicting
court on or before December 27, 2011. 

 When this matter was initially brought to this Court's attention, it was discovered that,
despite counsel's efforts, the trial court did not timely rule on his motion for extension or
various motions for experts. This Court reviewed the case under Article 11.071, § 4A, found
that counsel had shown good cause, allowed counsel to continue, and reset the due date to
180 days after the date the order issued. This made the writ application due to be filed in the
trial court on or before March 25, 2013. 

 According to applicant, the difficulties regarding getting papers before the trial judge
in a timely manner, and getting rulings on those papers also in a timely manner have
continued. This was evidenced in this Court at one point by applicant's perceived need to
file an application for a writ of mandamus requesting this Court order the trial court to rule.

 Although the communication difficulties surrounding this case need to be resolved,
those difficulties are between counsel and the trial court and do not appear to be applicant's
fault. Further, in the affidavit submitted in support of this request, which affidavit shall
remain sealed in this Court's record, counsel has set out what still needs to be done and why
he has been delayed in getting it done. Given counsel's showing, we have determined that
counsel should be permitted to continue representing applicant on habeas and a new due date
should be set. Applicant's application for writ of habeas corpus shall be filed in the trial
court on or before 90 days from the date of this order. See Article 11.071, § 4A. 

 IT IS SO ORDERED THIS THE 17TH DAY OF APRIL, 2013.


Do Not Publish
1. Unless otherwise indicated all references to Articles refer to the Code of
Criminal Procedure.